IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL ALIM RAHMAN | ) | CASE NO. 1:09CV2236 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CLEVELAND POLICE DEPARTMENT, | ) | MEMORANDUM OF OPINION |
| *et al*. | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Abdul Alim Rahman brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Cleveland Police Department, Officer Martin Rudin, Cleveland Safety Director Martin Flask and an Unknown Cleveland Police Officer alleging violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth and Eighteenth Amendments. Plaintiff asserts in his complaint that because he is an African American, six feet, two inches tall, he was stopped and detained by the Cleveland Police Department looking for a suspect whose height was described as five feet, eight inches and who had red hair. He states that, "I was involved in a [sic] automobile accident in September 2005 with the Cleveland Police Department (the driver was intoxicated). The matter is still pending in court. The Cleveland Police Department performed shabby, reckless and intimidating investigating work. One black officer put his hand on the butt of his service revolver and stared and grimaced through clench [sic] teeth." He further alleges that he was unable to get a copy of the report, and was told that it had not been turned in. At some unspecified time, Defendant Rudin and two other officers allegedly robbed him. He filed a complaint but nothing was done. Finally, he alleges that he has been constantly harassed, detained and racially profiled.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the court finds the claim asserted in this action satisfies these criterion.

The vioaltions alleged in the complaint pertain mostly to the Cleveland Police Department. A police department is not an entity capable of being sued. *Moore v. City of Cleveland,* 2006 WL 2947052, 5 (N.D. Ohio Oct.16, 2006). It is merely a municipal agency or department of the city rather than a separate legal entity. *Moore v. Chattanooga Police Dept*., 2008 WL 3896114 * 3 (E.D. Tenn. Aug. 19, 2008) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally-existing entity). Therefore, the Cleveland Police Department is not a proper party to this action and must be dismissed.

There are no facts concerning Safety Director Martin Flask showing that he participated in any violation of § 1983. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). Thus, Plaintiff has not stated a cause of action against Safety Director Martin Flask. Therefore, he will be dismissed as a party defendant.

A complaint will not be considered a suit against a police officer in his individual capacity

unless a claim for individual liability is clearly set forth. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995); *Moore v. Chattanooga Police Dept.*, 2008 WL 3896114 * 4 (E.D. Tenn., Aug. 9, 2008). Plaintiff asserted in his complaint that Rudin and two other officers robbed him. Individual liability has been alleged so Rudin will remain as defendant in his individual capacity. There is no indication in the complaint as to when the alleged incident occurred. Therefore, Plaintiff may have time to find out the identities of the Unknown Officers and amend his complaint before the statute of limitations expires.

Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis is granted. The claims against the Cleveland Police Department and Safety Director Martin Flask are dismissed. The action remains against Officer Martin Rudin and the Unknown Officers.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 7, 2010